For The District of Maryland

United States of America )
)
vs. ) Case No. # L-09-0373
)
Tyrone Powell )

FILED ___ ENTERED
LODGED ___ RECEIVED
FEB 14 2013
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Motion Under The Authority
of Fed. Rules of Criminal
Procedures, Rule 60(B)

Now Comes, Tyrone Powell Defendant Pro-se, Who Respectfully Moves The Court To Correct An Illegal And Unconstitutional Sentence Imposed By The Court, from The Result of "Fraud" Information provided By The U.S. Attorney's Office.

Procedural Background

On or about August 18, 2009 The defendant was indicted on Two Counts: (1) Conspiracy To possess with Intent To distribute Cocaine, And (2) Possession with Intent To distribute Cocaine.

The defendant entered into a guilty plea To Count Two of The Indictment on or about Nov. 9, 2009.

This Court subsequently sentenced the defendant to a term of imprisonment of 96 months on or about (4 days later, "fast, quick and in a hurry") November 13, 2009, as agreed by the parties pursuant to a "Plea Agreement".

On or about August 15, 2011 filed his §§ 2255 motion, alleging (2) Constitutional issues;

(1) Ineffective Assistance of Counsel
(2) The defendant did not receive the full benefits of the plea agreement he signed -- He was denied a 2 level reduction for accepting responsibility...

On or about June 28, 2012 his § 2255 motion was denied to the full context...

Now the defendant will bring fore the undisputable facts that the Government manipulated the defendant and the Courts with fraudulent information which resulted in an unconstitutional prison sentence of 96 months...

## Jurisdiction

Rule 60(B): (B). Grounds for relief from a final judgment, order or proceedings...

On Motion and Just Terms, the Court may relieve a party or its legal representative from a judgment, order, or proceedings for the following reasons:

1.) Mistake, inadvertence, surprise, or excusable neglect;

2.) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(B);

3.) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4.) The judgment is void;

5.) The judgment has been satisfied, released or discharged;

6.) Any other reason that justifies relief...

Rule 60(C); Timing and effect of the motion.

(1.) Timing... A motion under Rule 60(B) must be made within a reasonable time and for reasons (1), (2) and (3) listed above,

no more than a year after the entry of Judgment or Order or the date of proceedings, i.e., June 28, 2012..

As mentioned in defendants "Procedural Background" defendant filed a timely 28 U.S.C. § 2255 motion which was denied, on or about, June 28, 2012..

Thus, defendants Jurisdictional Challenge is based upon;

Rule 60(B)(3): "Fraud," i.e., as to the wrongful misrepresentation of the U.S. Attorney's Office into an unconstitutional Plea Agreement that was intentionally frivolous from the beginning to the end. Orchestrated and executed by the Government with complete knowledge and approvement by the defendants Attorney

In support of defendants Jurisdictional Challenge, the defendant respectfully request the Court to review the most recent decision from a "Sister Circuit Court", (as to their rational facts finding) for the purpose of a Rule 60(B) application..

Re: Pickard No.# 11-3030, June 18, 2012 (10# Circuit). There, the Court reversed and remanded for further consideration a Rule 60 motion filed by Pickard

and his co-defendant alleged in their Rule 60 Motion that the Government had "lied" to the court during their §2255 proceedings, which prevented them from obtaining discovery to show a "Brady/Giglio" violation. The District Court treated Pickard's Rule 60 Motion as being a second or successive petition §2255 -- but, the Tenth Circuit, assuming the truth of Pickard's allegations, held that, Pickard Rule 60 Motion is only proper and NOT a successive petition. A Rule 60 Motion is only proper in the Habeas context when there is a violation to the statute itself, (b), (1), (2) or (3)...

As the case at hand, the U.S. Attorney's Office deliberately manipulated with false information to the defendant in the sentencing court as to his sentencing guideline range, the defendant (and the sentencing court was denied the true facts). The court was tricked into imposing an unconstitutional sentence, which would being raise to a Rule 60(B)(3) Fraud violation...

This Honorable Court within the scope of fairness and in the interest of justice has proper jurisdiction to entertain defendant's Rule 60(B) Motion, to deny the defendant jurisdiction would clearly give way to a "miscarriage of justice"..

## Legal Argument

In order for the Court to completely understand the illegal sentence the defendant received, the defendant must refer to the Plea Agreement, Sentencing Transcript, Pre-Sentence Report (that was written months "after" his sentencing) -- only to cover up the fraud that the U.S. Attorney's Office initiated before the P.S.I report was written; Why, the truth will follow...

As the record will reflect, the defendant plead guilty to Count II of the Indictment, 21 U.S.C. § 841(A) possession with intent to distribute between 300 and 400 grams of power cocaine..

The Government and defense counsel agreed that pursuant to U.S.S.G. §2D1.1, the base offense level for distributing between 300 and 400 grams of cocaine would be (Level 22). The Government did not oppose a two level reduction in the defendant's adjusted offense level based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct, (as the written Plea Agreement would verify) -- the defendant was eligiable for a 2 level decrease which would have placed him at, "offense level 20". 6

"IF", IF A PRESENTENCE INVESTIGATION REPORT HAD BEEN CONDUCTED "BEFORE" HIS SENTENCING, THE REPORT WOULD HAVE REVEALED THAT THE defendants CRIMINAL HISTORY CATEGORY WOULD BE (II) NOT VI AS WRONGFULLY INDICATED BY THE GOVERNMENT FOR THE FOLLOWING REASONS...

Studying THE defendants prior convictions WOULD ESTABLISH THAT, THE ONLY FEEBLE prior CONVICTION THAT COULD HAVE BEEN USED FOR ANY ENHANCEMENT WOULD BE THE, (1996 CRIMINAL CONVICTION, CASE NO# 196239014, BALTIMORE CITY CIRCUIT COURT, HE RECEIVED A 10 YR. SENTENCE)..

All other listed criminal cases on HIS "RAP SHEET" WAS either (Dismissed) OR THE defendant WAS FOUND NOT GUILTY -- THERE IS NO other prior conviction THAT COULD BE USED.. WITH THIS SAID AND BEING TRUE, PLEASE SHOW HOW THE defendant COULD BE A CAREER OFFENDER AND BE SUBJECT TO 210 TO 262 MONTHS SENTENCE ??..

WITH ONLY ONE prior CONVICTION THAT COULD BE USED -- THIS MEANS THE defendant's CRIMINAL HISTORY SCORE WOULD BE 3 points, NO MORE.. WHICH WOULD PLACE THE defendant AT CRIMINAL Category II -- NOT VI...

"IF", IF THERE WOULD HAVE BEEN A PRESENTENCE INVESTIGATION REPORT PREPARED BEFORE SENTENCING, THEN, THE ONLY TRUE RECOMMENDATION TO BE MADE BY THE P.S.I WRITER AS THE SENTENCING RANGE WOULD HAVE BEEN;

Placing THE defendant OFFENSE LEVEL AT 22, And His Criminal History Category AT II, (of course Receiving THE Recommended 2 level Reduction) --- would HAVE Correctly place THE defendant AT offense Level 20 And Criminal History II -- THE Sentencing Range would HAVE BEEN, 37 TO 46 MONTHS, NO MORE ..

Defendant Alleges And Asserts THAT THE Assumption And speculations made By THE Government THAT THE defendant Is A "Career Offender" And was Facing A Sentencing Range of 210 TO 262 MONTHS Is Completely Absurd And Absolutely False. There is NO Justified Reasoning For A 96 MONTHS Sentence, A Plea Agreement Is Suppose To Be Beneficial TO THE defendant, How Is THIS Beneficial -- THIS IS "MALICE"...

Again, even if the defendant would have went to a jury trial and lost, the recommended two level reduction -- STILL,

The defendant would have been offense level 22, Criminal History Score II, which place him in the Sentencing Range of 46 to 57 months -- NOT 96 months -- or, surly the alleged 210-262 months as a Career Offender...

Especially reviewing the worst scenario possible, I.E., if the defendant did have (2) qualified prior convictions for the purpose of Chapter Four Enhancement of a "Career Offender"...

The defendant would be at offense level 22 (and would -- STILL -- receive the two level reduction, for pleading guilty,) would then be placed at offense level 20 with a Criminal History Score of VI, reviewing the Sentencing Table, the defendant would be in the range of, 70-87 months -- STILL, not 96 months.

With the worst scenario displayed, the defendant received a sentence that was never reachable. This is truly unbelievable what has happen. The only question left is who had knowledge to this plot of manipulation for the defendant to:

Accept a plea agreement one day, and hours later on the same day get sentenced to an illegal prison sentence that is 3 times the sentence he would have received..

"IF", If a Presentence Investigation Report would have been prepared, the truth would have came out.. The defendant would have never agreed to that stipulated Rule 11(C)(1)(C) prison sentence of 96 months.

"IF", If these facts now presented to the Court proves to be true, then -- it would easily establish the undisputable allegations of the manipulation and fraud performed by the Government. In turn, would make his plea agreement frivolous and unconstitutional, which resulted in a prison sentence imposed with Malice Intent. The defendant should have been sentence to 37 - 46 months no more..

## Conclusion

The defendant can only hope and pray this Honorable Court will correct his illegal sentence under the jurisdiction of Rule 60(B)(3).

The only other resources available to the defendant is contacting a "Civil Rights Organization" for help.

Wherefore, in the interest of justice, the defendant request for his immediately release, (since he has already serve too much prison time), any and all other relief this Court deems fair and just.

In the alternative, the defendant moves the Court for permission to appeal.

Respectfully Submitted,
Tyrone Powell
Tyrone Powell

## Certificate of Service

I hereby certify, that I have sent First Class Mail a true and correct copy of the foregoing Motion under Rule 60(b) to the U.S. Attorney's Office on this day of 10, Feb., 2013 -- Addressed To:

U.S. Attorney's Office
36 South Charles St.
Baltimore, Md. 21201

*Tyrone Powell*
Tyrone Powell

Case 1:09-cr-00373-CCB   Document 87   Filed 02/14/13   Page 13 of 13

Tyrone Powell
#44303-037
Federal Correctional Institution
P.O. Box 2000
Fort Dix, N.J. 08640

Legal Mail

CC 3

United States District Court
Office of the Clerk
101 W. Lombard Street
Baltimore, MD. 21201-2691

Inspected by
Court Security Officer
FEB 14 2013
Baltimore, MD

